The opinion of the court was delivered by
Rogeks, J.
The question which arises in this case, is on the true construction of several agreements, referred to in the special verdict. By the first agreement, dated the 25th of January, 1823, between Daniel Lucas, and George Hisa and Peter Klinefelter, administrators of Adam Lucas, it appears that Daniel Lucas was indebted to the estate of his father in a large sum of money, and for the purpose of paying, that,.and other debts, he sold the plan *211 tation on which he lived, and his stock to the administrators. Under the article it was the duty of the administrators to sell the plantation and stock to the best advantage, and apply the proceeds, in the first place, to the payment of the other debts of Daniel Lucas, and the residue, if any, to the extinguishment of his bond. If the plantation and stock brought more than settled the debts, including his bond, the overplus was to be returned to Lucas. If they did not bring enough to pay the debt owing to the estate of his father, they were to be satisfied with what they brought, and were not to call on Lucas for any more hereafter. From a view of the whole article, although not very explicit in its terms, it seems to have been the intent of the parties, that the sale of the plantation and stock, and the proceeds arising from them, should be a payment or extinguishment of the bond, owing by Daniel Lucas to the estate of his father. After this agreement, no suit could have been sustained by. them on the bond. A court of justice would have said that the bond was paid. What motives operated upon the parties, to induce them to enter into this agreement, is not disclosed. We have no means of ascertaining them, and must determine this case upon the facts set forth in the special verdict. It appears that there was very early some misunderstanding about the meaning of this article; for the agreement of the 22d of February, 1823, says, “ that whereas there is a dispute of and-about a bond, that is concerning the said estate, it is agreed that the said bond may be settled at two thousand and one dollars and forty-seven cents.” This article provides when Daniel is to give possession of his place to Hisa, and Klinefelter, viz. on the 1st of April, and gives him liberty to keep certain articles of personal property therein enumerated, and says that this is to be a supplement of an article dated the-25th of January last, between Daniel and the administrators, and that the administrators are to perform all the said agreement mentions. This article is signed by the widow and heirs of Adam Lucas, and is an express recognition of the agreement of the administrators, and goes far to show that the sale of the plantation and stock was in payment, of Daniel Lucas’s bond. This matter, I apprehend, is put beyond all doubt by the agreement made on the same day, and signed by the administrators; in which they expressly promise to give up the bond on the 1st of June, as he has settled the bond he owed the estate for the sum of two thousand and one dollars and forty-seven cents, according to the agreement made the 22d of February, 1823, with the widow and heirs, and the agreement made the 25th of January with the administrators.
It has been contended, that the meaning of the agreement was, that the administrators were not to pay Daniel Lucas any thing on account of his sharé of his father’s estate, until the debt due to his father’s estate was paid. I have looked in vain for something in the agreement to warrant this construction. This appears to *212 have been a family arrangement, by which it was stipulated that upon Daniel Lucas giving up all his property, to be applied to the payment of his debts, he should be discharged from the bond to his father, and should be let in for his distributive share of his father’s estate. If it w: s intended that Daniel Lucas should be excluded from his share, it ought to have made part of the agreement, and should have been expressly inserted.. I do not feel myself at liberty to supply this omission, and am therefore of opinion, that the judgment should be entered in favour of the plaintiff be.low for one hundred and fifty-three dollars and seventy-one cents, with interest from the 1st of August, 1832.